JAMES R. FROCCARO, JR.
Attorney at Law
7 Old Shore Road
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5064
email: JRFESQ61@aol.com

June 12, 2009

BY ECF
Hon. Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Bekim Fiseku
            00 Cr 824 (ERK)
            01 Cr 1336 (ERK)

Dear Judge Korman:

    I am the attorney for defendant Bekim Fiseku. Mr. Fiseku is scheduled to appear before Your Honor on June 15, 2009, for his arraignment on violation of supervised release charges. This letter is to inform Your Honor that Mr. Fiseku will not contest the charges filed against him during his initial appearance before Your Honor.

    Mr. Fiseku was arrested by the NYPD in the early morning hours of November 27, 2008 for, among other things, burglary in the 3rd degree and attempted grand larceny in the 2nd degree. Mr. Fiseku was arrested, along with others, while attempting to break into a Staten Island bank. No weapons on any kind were involved. Mr. Fiseku has been in state custody since his arrest.

Mr. Fiseku ultimately pled guilty to burglary in the 3rd degree, a D felony under the NYS Penal Code.  On April 3, 2009, he was sentenced by the Hon. Leonard Rienzi to a minimum of 2 ½ years and a maximum of 5 years in state prison for this crime.  I will provide Your Honor with Certificate of Disposition for this case in court on June 15th.

I have reviewed the violation report prepared by the U.S. Probation Department.[1]  The applicable Guideline imprisonment range for the top charge, the Grade B violation, is 12-18 months as set forth in the report.  However, the Probation Department's sentencing recommendation to Your Honor in Mr. Fiseku's case - a 3 year sentence consecutive to the 2 ½ to 5 year sentence imposed in state court - is far beyond the applicable Guidelines range and patently unreasonable.

As Your Honor is no doubt well aware, the Sentencing Guidelines are now advisory.  There is no requirement that the sentence imposed by Your Honor for the violation should run consecutive to the sentence Mr. Fiseku received in state court.  The loss to the bank for the property damaged was only about $1,500.

Mr. Fiseku was not treated leniently in the state court.  To the contrary, he was required to plead to the most serious charge and he received a substantial sentence.  Whether the state incarceration was lenient or harsh should inform this Court's view of how to structure its revocation sentence to comply with the statutory purposes itemized in Title 18 USC 3553(a).  Namely, to "impose a sentence sufficient, but not greater than necessary."

---

[1] A Report of Violation of Supervised Release dated February 20, 2009, was ultimately filed by the U.S. Probation Office with this Court.

The government allowed the NYS authorities to maintain jurisdiction over the matter because the sanctions were more severe in state court. Had Mr. Fiseku been charged with this same crime in federal court, the applicable Guidelines imprisonment range would have been 15-21 months.[2] This stands in stark contrast to the 5 year term he may be required to serve in state prison now.[3]

For the foregoing reasons, I am respectfully requesting that Your Honor sentence Mr. Fiseku to a 12 month and one day term of imprisonment for the violation - to run concurrently with the sentence imposed upon him in state court.

Respectfully submitted,

/JRF/

James R. Froccaro, Jr.

JRF:tp

---

[2] The applicable Guideline for burglary of a structure other than a residence is 2B2.1. The total offense level for this crime would have been 12 (a base offense level of 12, plus 2 levels for more than minimal planning, minus 2 levels for acceptance of responsibility).

[3] If Your Honor sentences Mr. Fiseku to a consecutive term - there will be a "detainer" placed on him within the state system - he will be ineligible for early release - and will be required to serve the maximum term before he begins serving his sentence for the violation.